IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VAN CLEVE ASHLEY<br>a/k/a QAWEE ALI | * | |
| Petitioner | * | Civil Action No. MJG-12-2249<br>Criminal Action No. MJG-06-0034 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | | |
| | *** | |

## MEMORANDUM OPINION

Currently pending is Van Cleve Ashley's Motion under 28 U.S.C. 2255. For the reasons stated herein, the Motion IS DISMISSED.

**I.   Background**

On February 8, 2007, a jury found Ashley guilty of one count of conspiracy to tamper with a witness, one count of conspiracy to retaliate against a witness, and one count of possession of a firearm in furtherance of a crime, in violation of 18 U.S.C. §§ 1512(a)(l)(A) & (k), 1513(a)(1)(B) & (e), and 924(c). On November 7, 2007, Ashley was sentenced to concurrent terms of two hundred and forty months as to the first two counts, except that fifty-two months of the second count was to run consecutively to the sentence imposed in count one. A cumulative two hundred and ninety-two month term was to be served as to the first two counts, followed by a consecutive one hundred and twenty month term on count three. A total of four hundred and twelve months was to be served in the Bureau of Prisons, to be followed by a cumulative five years of supervised release. The convictions were affirmed on appeal. See Ashley v. United States, 606 F.3d 135 (4th Cir. June 1, 2010).

## II. Discussion

On October 24, 2011, Ashley filed his first Motion to Vacate, raising two claims going to competency to stand trial and ineffective assistance of counsel. ECF No. 64. After briefing from the Government, on March 28, 2008, the Motion was dismissed with prejudice. ECF Nos. 69 & 70. Ashley did not appeal that judgment.

On July 17, 2012, Ashley filed his second Motion to Vacate accompanied by a Motion for Leave to Proceed In Forma Pauperis.[1] ECF Nos. 73 & 74. The Motion contends that: Ashley's co-defendants Fred and Roger Caruso conspired to tamper, obstruct, and commit an assault upon Ashley while he was in federal pre-trial detention; the federal prosecutor knowingly used the perjured testimony of co-defendant Fred Caruso to convict Ashley and failed to instruct the jury of "lesser charges"; the judge was not properly "armed" with all the facts of the case during sentencing; and there was insufficient evidence to convict him under 18 U.S.C. §§ 1512 & 1513. ECF No. 73.

## III. Analysis

Ashley is undoubtedly attacking his federal convictions under § 2255. A second or successive § 2255 motion may not be filed absent authorization to do so from the Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A) & 2255; In re Avery W. Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc). Without such authorization, the district court lacks jurisdiction to hear the claims. See United States v. Winestock, 340 F.3d 200, 208-209 (4th Cir. 2003). As the authorization for filing a successive action exclusively lies in the circuit courts, this Court is

---

[1] There is no fee associated with the filing of a § 2255 motion. Therefore, Ashley's pauperis motion shall be dismissed as moot.

without jurisdiction to grant or deny same.

### III.   Conclusion

Accordingly, the Court hereby DISMISSES Ashley's Motion.    A separate Order follows.[2]


Dated this __6th____ day of __August_____, 2012.


_____/s/_____
Marvin J. Garbis
United States District Judge

---

[2]   The Clerk shall mail Ashley the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization for District Court to consider second or successive application for relief).